■ Lynda Fox et al., Respondents, v County of Nassau, Appellant, et al., Defendant, and Village of Great Neck Estates, Respondent. (Action No. 1.) Lynda Fox, Respondent, v County of Nassau, Appellant, et al., Defendant, and Village of Great Neck Estates, Respondent. (Action No. 2.) Lynda Fox et al., Respondents, v County of Nassau, Appellant, et al., Defendant, and Village of Great Neck Estates, Respondent. (Action No. 3.) Lynda Fox et al., Respondents, v Village of Great Neck Estates, Respondent, et al., Defendant, and County of Nassau, Appellant. (Action No. 4.) Lynda Fox et al., Respondents, v Village of Great Neck Estates, Respondent, et al., Defendant, and County of Nassau, Appellant. (Action No. 5.) Lynda Fox et al., Respondents, v Village of Great Neck Estates, Respondent, et al., Defendant, and County of Nassau, Appellant. (Action No. 6.)—In six related actions to recover damages for injury to real property, the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated August 15, 1990, which granted the motion of the

defendant Village of Great Neck Estates which, in effect, was to dismiss so much of the cross claims against it as were for indemnification.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filed separate briefs.

The plaintiffs and the Village of Great Neck Estates (hereinafter the Village) reached a tentative settlement, conditional upon the determination that the Village could not be held liable in these actions to the County of Nassau (hereinafter the County). Accordingly, the Village moved for an "Order determining that the cross-claim[s] asserted by the County of Nassau against its co-defendants [are] for contribution rather than indemnity". In the order appealed from, the court held that the cross claims only stated claims for contribution and not indemnification. We affirm.

It is settled that contribution arises "automatically when certain factors are present and [does] not requir[e] any kind of agreement between or among the wrongdoers" (Siegel, NY Prac § 169). "Indemnity, on the other hand, arises out of a contract which may be express or may be implied in law 'to prevent a result which is regarded as unjust or unsatisfactory' " (Rosado v Proctor & Schwartz, 66 NY2d 21, 24, quoting Prosser and Keeton, Torts § 51, at 341 [5th ed]). Further, " '[w]here one is held liable solely on account of the negligence of another, indemnification, not contribution, principles apply to shift the entire liability to the one who was negligent' * * * Conversely, where a party is held liable at least partially because of its own negligence, contribution against other culpable tort-feasors is the only available remedy" (Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646, quoting D'Ambrosio v City of New York, 55 NY2d 454, 462). Whether indemnity or contribution applies depends not upon the parties' designation but upon a "careful analysis of the theory of recovery against each tort-feasor" (Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 568).

In the instant case, the complaint alleges negligence on the part of each defendant; it never suggests that the County is liable only vicariously for the Village's negligence. Moreover, there is no evidence of any contract in which the Village agreed to indemnify the County. Nor do the cross claims allege any express or implied contract of indemnification. Therefore, the court correctly determined that the cross claims failed to state a cause of action for indemnification (see, Siffin v Rambuski, 87 AD2d 979). Harwood, J. P., Balletta, Lawrence and Santucci, JJ., concur.