■ DOMINO MEDIA, INC., et al., Plaintiffs, v HRH CONSTRUCTION, DIVISION OF STARETT HOUSING, et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. AVALANCHE WRECKING CORPORATION, Third-Party Defendant-Appellant; CUYAHOGA WRECKING CORP. et al., Third-Party Defendants-Respondents. [622 NYS2d 253] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about

February 22, 1994, which denied third-party defendant Avalanche Wrecking Corporation's motion for summary judgment dismissing the third-party complaint and cross-claims of the third-party defendants, unanimously affirmed, without costs.

The party relying on a release carries the burden of proof to establish its validity as to the claims sought to be barred *(see, Hill v St. Clare's Hosp.*, 67 NY2d 72, 84; *Fleming v Ponziani*, 24 NY2d 105, 110). Here, the third-party defendant-appellant, Avalanche Wrecking Corp., has failed to establish as a matter of law that the release it relies on was intended to cover all of the plaintiffs' claims in this action and, therefore, the provisions of General Obligations Law § 15-108 (b) foreclosing claims for contribution from other tortfeasors has not been sufficiently established to allow for summary judgment. There exist questions of fact as to whether the payment on an earlier claim was intended to cover all claims, rather than damage to an air conditioning unit, as well as whether all plaintiffs were intended to be included in this payment. The fact that Avalanche was not sued directly by the plaintiffs is of no moment since plaintiffs chose to sue the general contractor and owner of the premises upon which the construction took place giving rise to the damages complained of and did not sue any demolition subcontractor directly, including third-party defendant-respondent Cuyahoga Wrecking Corp.

Finally, the precise cause or time of the damages complained of is not clear on this record, therefore, questions of fact exist as to each of the defendants' and third-party defendants' liability, if any. Accordingly, the claims for indemnification, both implied and contractual, must await a fuller development of the facts. Concur—Ellerin, J. P., Ross, Asch and Tom, JJ.