■ ROCKEFELLER UNIVERSITY, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Appellant and Third-Party Plaintiff, et al., Defendants, et al., Third-Party Defendants. (And Other Related Actions.) ROCKEFELLER UNIVERSITY, Plaintiff, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. WESTINGHOUSE ELEVATOR COMPANY, a Division of SCHINDLER CORP., Third-Party

Defendant-Appellant, et al., Third-Party Defendants. (And Other Related Actions.) ROCKEFELLER UNIVERSITY, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Respondents. (And Other Related Actions.) STANLEY H. GOLDSTEIN, P. C., et al., Sixth-Party Plaintiffs-Respondents, v CENTURY MAXIM CONSTRUCTION CORP. et al., Sixth-Party Defendants-Respondents, and ABRAMOVITZ-KINGSLAND-SCHIFF, Sued Herein as ABRAMOVITZ-HARRIS-KINGSLAND, Sixth-Party Defendant-Appellant. ROCKEFELLER UNIVERSITY, Appellant, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Appellant, et al., Defendants. (And Other Related Actions.) ROSEN & MORELLI MASONS, a Joint Venture, et al., Fifth-Party Plaintiffs-Respondents, et al., Fifth-Party Defendant. (And Another Related Action.) [659 NYS2d 460] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 23, 1996, which, *inter alia*, granted defendant Tishman Construction Corporation's motion to dismiss the causes of action for misrepresentation and fraud set forth in the amended complaint, unanimously affirmed, with costs to respondent Tishman.

Order, same court and Justice, entered October 30, 1996, which, *inter alia*, granted plaintiff Rockefeller University's motion to dismiss Tishman's third affirmative defense and counterclaim of release, denied third-party defendant Westinghouse Elevator Company's motion for summary judgment dismissing Tishman's claim against it for implied indemnification, and denied sixth-party defendant Abramovitz-Kingsland-Schiff's (AKS) motion for summary judgment dismissing third-party defendant Stanley H. Goldstein, P. C.'s claims against it for contribution, unanimously modified, on the law, to the extent of granting Abramovitz-Kingsland-Schiff's motion for summary judgment dismissing Stanley H. Goldstein, P. C.'s contribution claims against it, and otherwise affirmed, with costs to the respective prevailing parties.

Consistent with its prior order affirmed by this Court (232 AD2d 155, *lv denied* 89 NY2d 811), the motion court correctly held that Rockefeller's misrepresentation and fraudulent misrepresentation claims against Tishman are duplicative of its breach of contract cause of action since the identical contractual benefit of the bargain recovery is sought.

Viewing the evidence in the light most favorable to the party opposing the summary judgment motion (*see, Lehrer McGovern Bovis v New York Yankees*, 207 AD2d 256, 258), the motion court properly found that Tishman had failed to meet its burden of demonstrating that Rockefeller had released the claims sought to be barred (*see, Domino Media v HRH Constr.,*

212 AD2d 359) by showing an expression of a present intention to renounce the claims (see, Carpenter v Machold, 86 AD2d 727). Tishman's present argument that Rockefeller's oral promise to release its claims gave rise to an estoppel is a purely factual contention improperly raised for the first time at this juncture, and is in any event unsupported by Tishman's factual submissions.

It is immaterial whether or not Westinghouse sufficiently demonstrated in support of its claim for implied indemnification that Tishman had an on-site supervisory presence with respect to Westinghouse's installation of the elevators in Rockefeller's building, inasmuch as Westinghouse failed to offer an acceptable excuse for its failure to submit the purported documentation of such presence on its initial motion for the same relief (see, Foley v Roche, 68 AD2d 558, 568). The excuse offered, that its counsel believed that the representative documents initially submitted would be sufficient, reflects a conscious tactical choice by counsel rather than an excusable miscue by a mistaken litigant, and is inadequate (cf., Martinez v Hudson Armored Car & Courier, 201 AD2d 359, 361). Notably, in its reply, Westinghouse advanced an entirely different excuse. In any event, on the merits, the motion court properly adhered to its prior order. While the new documents may show that on-site meetings with Tishman were held, there still is no proof of what Tishman did at the worksite. So too, the progress reports sent by Westinghouse to Tishman, while probative, are not dispositive of Tishman's alleged supervision and control of Westinghouse's work, since the use of such reports also supports the contrary inference that they were necessary because there was no on-site supervision.

However, engineer Stanley H. Goldstein, P. C.'s contribution claim against AKS, the architect, should have been dismissed. While Goldstein correctly maintains that breach of contract and malpractice causes of action may be simultaneously asserted even though both arise from the same contractual relationship (see, e.g., Santulli v Englert, Reilly & McHugh, 78 NY2d 700), as stated by this Court on a prior appeal herein (232 AD2d; supra, at 155, citing Bocre Leasing Corp. v General Motors Corp., 84 NY2d 685), the determining factor as to the availability of contribution is not the theory behind the underlying claim but the measure of damages sought. Here, Rockefeller's direct claims against Goldstein seek the identical contractual benefit of the bargain, their tort language notwithstanding, and, in the absence of tort liability, contribution is unavailable (supra). To the extent that Robinson Redevelop-

*ment Co. v Anderson* (155 AD2d 755) may suggest a different result, we decline to follow it.

We have considered appellants' other contentions and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Nardelli, Rubin and Colabella, JJ.