■ TOWER BUILDING RESTORATION, INC., Plaintiff, v 20 EAST 9TH STREET APARTMENT CORP. et al., Defendants. (And a Third-Party Action.) IVAN BRICE, Fourth-Party Plaintiff-Respondent, v LANE ENGINEERIING CONSULTING, P.C., Fourth-Party Defendant-Appellant. [744 NYS2d 319] —Order, Supreme Court, New York County (Jane Solomon, J.), entered October 18; 2001, which, to the extent appealed from, denied fourth-party defendant Lane Engineering Consulting, P.C.'s motion for summary judgment dismissing fourth-party plaintiff Ivan Brice's claim for contribution, unanimously affirmed, without costs.

Contrary to fourth-party defendant Lane Engineering's argument, fourth-party plaintiff Brice's claim for contribution against it is not subject to dismissal for Brice's failure to demonstrate privity with it, the other alleged wrongdoer. All that must be shown by Brice to set forth a viable claim for contribution is that both parties owed a duty to third-party plaintiff and that both contributed to third-party plaintiff's harm by breaching their respective duties (*see, Raquet v Braun*, 90 NY2d 177, 183, citing *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603; *Board of Educ. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 28; *Schauer v Joyce*, 54 NY2d 1, 5).

Although contribution under CPLR 1401 is not available where the damages sought by the plaintiff are exclusively for breach of contract, i.e., to obtain the benefit of the bargain (*see, Rockefeller Univ. v Tishman Constr. Corp.*, 240 AD2d 341, *lv denied* 91 NY2d 803), the claims of third-party plaintiff against Brice are not so limited. Third-party plaintiff has asserted a professional malpractice claim against Brice, and professionals "may be subject to tort liability for failure to exercise reason-

able care, irrespective of their contractual duties" (*see, Sommer v Federal Signal Corp.*, 79 NY2d 540, 551; *see also, 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am.*, 259 AD2d 75, 83). Accordingly, the court properly held that, insofar as any liability on Brice's part is based in tort, he may seek contribution from Lane under the theory that Lane is a successive tortfeasor (*see, Raquet v Braun*, 90 NY2d, *supra* at 183). Although a tort claim against Brice may not ultimately be established, one is still pending and, thus, "the necessary predicate tort liability for a contribution action remains in the case" (*see, St. Patrick's Home for Aged & Infirm v Laticrete Intl.*, 264 AD2d 652, 658). Concur—Saxe, J.P., Sullivan, Lerner, Rubin and Friedman, JJ.