■ SOUND REFRIGERATION AND AIR CONDITIONING, INC., Respondent, v ALL CITY TESTING & BALANCING CORP., Defendant/Third-Party Plaintiff/Third Third-Party Plaintiff-Appellant, et al., Defendant. TELELABS INC. et al., Third-Party Defendant; PROFESSIONAL TELECONCEPTS, INC., Second Third-Party Defendant/Third Third-Party Defendant-Respondent. [924 NYS2d 172]—

In an action, inter alia, to recover damages for injury to property, the appeal is from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 14, 2010, which granted the motion of the third third-party defendant to dismiss the third third-party complaint on the ground that contribution is barred by the economic loss doctrine.

Ordered that the order is reversed, on the law, with costs, and the motion to dismiss the third third-party complaint on the ground that contribution is barred by the economic loss doctrine is denied.

"[P]urely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute [CPLR 1401 ]" (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26 [1987]). Accordingly, under the so-called "economic loss doctrine," "contribution under CPLR 1401 is not available where the damages sought . . . are exclusively for breach of contract" (*Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp.*, 295 AD2d 229, 229 [2002]; *see Sommer v Federal Signal Corp.*, 79 NY2d 540, 557 [1992]; *Structure-Tone, Inc. v Ignelzi Interiors, Inc.*, 40 AD3d 234, 234-235 [2007]; *Ruby Land Dev. v Toussie*, 4 AD3d 518, 519 [2004]). "[T]he existence of some form of tort liability is a prerequisite to application of" CPLR 1401 (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d at 28).

Here, contrary to the Supreme Court's determination, a cause of action for contribution is not barred by the economic loss doctrine. While the plaintiff in the main action did assert, inter alia, a cause of action to recover damages for breach of contract against the defendant/third-party plaintiff/third third-party plaintiff All City Testing & Balancing Corp. (hereinafter All City), this was but one of several causes of action in the complaint. The plaintiff also asserted against All City a cause of action to recover damages for negligence based on All City's alleged conduct in causing injury to property through the negligent performance of its work. Although it is possible that All City ultimately may not be held liable in tort, at present a tort claim remains pending, "and, thus, 'the necessary predicate tort liability for a contribution action remains in the case' " (*Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp.*, 295 AD2d at 230, quoting *St. Patrick's Home for Aged & Infirm v Laticrete Intl.*, 264 AD2d 652, 658 [1999]). Accordingly, the Supreme Court erred in granting the motion of the third third-party de-

fendant to dismiss the third third-party complaint on the ground that contribution is barred by the economic loss doctrine. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.