■ STEVE J. EISMAN et al., Plaintiffs, v VILLAGE OF EAST HILLS, Defendant/Third-Party Plaintiff-Respondent, and A TO Z TRANSIT CONTRACTING CORP. et al., Third-Party Defendants-Appellants. [52 NYS3d 115]—

In an action, inter alia, to recover damages for injury to real property, the third-party defendants appeal from an order of the Supreme Court, Nassau County (Iannacci, J.), entered December 10, 2014, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the third-party defendants' motion which was to dismiss the cause of action sounding in indemnification in the third-party complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the third-party defendants.

The plaintiffs commenced this action against the Village of East Hills after they experienced flooding on their property from rainwater. The plaintiffs asserted causes of action sounding in tort, alleging that the flooding resulted from the development of land near their property, which was authorized by the Village. The Village commenced a third-party action seeking indemnification and contribution against A to Z Transit Contracting Corp., the project manager that constructed the plaintiffs' home, as well as its principal, David Ferdinand, architect Carl Majowka, who prepared plans for the construction of the plaintiffs' home, and Scott Anderson, the principal of Scott Anderson Design, Inc., which performed landscaping work for the plaintiffs' home. The third-party defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint on the basis of affidavits submitted by Ferdinand, Majowka, and Anderson. The Supreme Court denied the motion. We modify.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Sasidharan v Piverger*, 145 AD3d 814 [2016]; *Clarke v Laidlaw Tr., Inc.*, 125 AD3d 920, 921 [2015]). Where evidentiary material is submitted in support of the motion, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (*Guggenheimer v*

*Ginzburg*, 43 NY2d 268, 275 [1977]; *see Sasidharan v Piverger*, 145 AD3d at 814).

"[C]ontribution arises 'automatically when certain factors are present and [does] not requir[e] any kind of agreement between or among the wrongdoers' " (*Fox v County of Nassau*, 183 AD2d 746, 747 [1992], quoting Siegel, NY Prac § 169). " 'Indemnity, on the other hand, arises out of a contract which may be express or may be implied in law "to prevent a result which is regarded as unjust or unsatisfactory" ' " (*Fox v County of Nassau*, 183 AD2d at 747, quoting *Rosado v Proctor & Schwartz*, 66 NY2d 21, 24 [1985], quoting Prosser & Keeton, Torts § 51 at 341 [5th ed 1984]). "Further, ' "[w]here one is held liable solely on account of the negligence of another, indemnification, not contribution, principles apply to shift the entire liability to the one who was negligent" . . . Conversely, where a party is held liable at least partially because of its own negligence, contribution against other culpable tort-feasors is the only available remedy' " (*Fox v County of Nassau*, 183 AD2d at 747, quoting *Glaser v Fortunoff of Westbury Corp.*, 71 NY2d 643, 646 [1988], quoting *D'Ambrosio v City of New York*, 55 NY2d 454, 462 [1982]). "Whether indemnity or contribution applies depends not upon the parties' designation but upon a 'careful analysis of the theory of recovery against each tort-feasor' " (*Fox v County of Nassau*, 183 AD2d at 747, quoting *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 568 [1987]).

Here, since the evidence showed that the Village may not be held vicariously or statutorily liable for any negligence of any of the third-party defendants, the Supreme Court should have granted that branch of the third-party defendants' motion which was to dismiss the indemnification cause of action in the third-party complaint (*see Guerra v St. Catherine of Sienna*, 79 AD3d 808, 809 [2010]; *Mitchell v Fiorini Landscape*, 284 AD2d 313, 314 [2001]).

However, that branch of the third-party defendants' motion which was to dismiss the contribution cause of action asserted in the third-party complaint on the basis that it was barred by the "economic loss doctrine" was properly denied. "To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that . . . a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries" (*Guerra v St. Catherine of Sienna*, 79 AD3d at 809). "The critical requirement . . . is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribu-

tion is sought" (*Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]).

"[P]urely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute [CPLR 1401]" (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26 [1987], quoting CPLR 1401). "Accordingly, under the so-called 'economic loss doctrine,' 'contribution under CPLR 1401 is not available where the damages sought . . . are exclusively for breach of contract' " (*Sound Refrig. & A.C., Inc. v All City Testing & Balancing Corp.*, 84 AD3d 1349, 1350 [2011], quoting *Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp.*, 295 AD2d 229, 229 [2002]). " '[T]he existence of some form of tort liability is a prerequisite to application of' CPLR 1401" (*Sound Refrig. & A.C., Inc. v All City Testing & Balancing Corp.*, 84 AD3d at 1350, quoting *Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d at 28).

Here, the third-party defendants claim that the only duties they owed to the plaintiffs in the main action were purely contractual. However, the plaintiffs seek to recover damages from the Village based on causes of action sounding in tort, and the Village, in its third-party complaint, alleges that the third-party defendants breached a duty of care independent of any contractual duties they owed to the plaintiffs. Even though the third-party defendants may not ultimately be held liable in tort, the Supreme Court properly denied that branch of the third-party defendants' motion which was to dismiss the contribution cause of action (*see Sound Refrig. & A.C., Inc. v All City Testing & Balancing Corp.*, 84 AD3d at 1350; *Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp.*, 295 AD2d at 230; *St. Patrick's Home for Aged & Infirm v Laticrete Intl.*, 264 AD2d 652, 658 [1999]).

The Supreme Court also properly denied that branch of the third-party defendants' motion which was to dismiss the third-party complaint insofar as asserted against the individual third-party defendants David Ferdinand and Scott Anderson, because the Village alleged in the third-party complaint that these individual third-party defendants personally engaged in acts of negligence with respect to the design and implementation of the rainwater drainage plan for the plaintiffs' home. Although "[c]orporate officers may not be held personally liable on contracts of their corporations, provided they did not purport to bind themselves individually under such contracts" (*JT Queens Carwash, Inc. v JDW & Assoc., Inc.*, 144 AD3d 750, 752

[2016]), "corporate officers 'may be held personally liable for torts committed in the performance of their corporate duties'" (*id.* at 752, quoting *Kopec v Hempstead Gardens*, 264 AD2d 714, 716 [1999]). Leventhal, J.P., Cohen, Hinds-Radix and Connolly, JJ., concur.