Baron v Suissa (2018 NY Slip Op 08454)





Baron v Suissa


2018 NY Slip Op 08454


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2015-08674
 (Index No. 7555/10)

[*1]Marcy R. Baron, appellant, 
v
Ronald Suissa, et al., respondents.


Marcy R. Baron, White Plains, NY, appellant pro se.
Steven G. Legum, Mineola, NY, for respondents.



DECISION & ORDER
In an action, inter alia, for replevin, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated June 19, 2015. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
The plaintiff and the defendant Ronald Suissa met in 1992, while each of them was married to another person. Suissa obtained a divorce from his wife in or around 1995, and the plaintiff divorced her husband in 2002. Beginning in 1997, the parties began living together and, thereafter, moved into a house located in Northport. The relationship ended in 2008. Suissa moved out of the house and later sought to evict the plaintiff and her son. The plaintiff remained in the house and sought to enforce her purported equitable ownership of the house, as well as the contents and items contained therein, under various theories, including common-law marriage and constructive trust. The plaintiff alleges that two years after Suissa moved out, he, along with the other defendants, perpetrated a scheme to have the plaintiff and her son lured away from the house so that the defendants could enter the house and, effectively, strip the house of any valuable fixtures and items, including personal items solely owned by the plaintiff. The plaintiff alleges that, upon returning to the house, she found that her furnishings and personal items had been either removed or damaged. The plaintiff commenced this action against the defendants to recover damages under theories of, inter alia, replevin, trespass to chattels, conspiracy to commit trespass to chattels, conversion, conspiracy to commit conversion, and injury to property. The defendants moved pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint . The Supreme Court granted the motion, stating simply that the plaintiff's submissions failed to "present any cognizable legal theory of alleged liability or causally related damages." The plaintiff appeals, and we reverse.
In deciding a motion to dismiss a complaint under CPLR 3211(a)(7), "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Eisman v Village of E. Hills, 149 AD3d 806, 807; see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52; Davis v Boeheim, 24 NY3d 262, 268).
Here, the complaint sufficiently states causes of action alleging, inter alia, replevin, trespass to chattels, and conversion to survive a motion to dismiss. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
The alternative ground for affirmance raised by the defendants (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545) is without merit.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court