Praxis Intl. Corp. v Prime Alliance Group, Ltd. (2022 NY Slip Op 00887)





Praxis Intl. Corp. v Prime Alliance Group, Ltd.


2022 NY Slip Op 00887


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-03192
 (Index No. 606446/18)

[*1]Praxis International Corporation, appellant,
v
Prime Alliance Group, Ltd., et al., respondents.


Keidel, Weldon & Cunningham, LLP, White Plains, NY (Howard S. Kronberg of counsel), for appellant.
Law Offices of Steven Cohn, P.C., Carle Place, NY (June Diamant and Steven Cohn of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for common-law indemnification and contribution, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered October 24, 2018. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the first, second, eighth, and ninth causes of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action, and substituting therefor a provision denying that branch of the motion; as so modified the order is affirmed insofar as appealed from, without costs or disbursements.
Praxis International Corporation (hereinafter Praxis) commenced the instant action asserting causes of action, inter alia, for contribution and common-law indemnification for any liability that Praxis might sustain in a related action, which has since been consolidated with the instant action, in which it was alleged that Praxis was negligent with respect to the procurement of insurance. The defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the first, second, eighth, and ninth causes of action. In an order entered October 24, 2018, the Supreme Court, among other things, granted those branches of the defendants' motion, and Praxis appeals.
"Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (Balladares v Southgate Owners Corp., 40 AD3d 667, 671; see Board of Mgrs. of Olive Park Condominium v Maspeth Properties, LLC, 170 AD3d 645, 647). Here, since the complaint did not allege any basis upon which Praxis could be held vicariously liable for any negligence of any of the defendants, the Supreme Court properly determined that the second cause of action, seeking common-law indemnification, was subject to dismissal (see Board of Mgrs. of Olive Park Condominium v Maspeth Properties, LLC, 170 AD3d at 647; Eisman v Village of E. Hills, 149 AD3d 806, 808).
The Supreme Court also properly directed dismissal of the eighth and ninth causes [*2]of action, seeking legal fees as a sanction for frivolous conduct, as "New York does not recognize a separate cause of action to impose sanctions pursuant to 22 NYCRR 130-1.1" (Licalzi v Wells Fargo Bank, N.A., 125 AD3d 942, 943; see Cerciello v Admiral Ins. Brokerage Corp., 90 AD3d 967, 968).
However, the Supreme Court erred in directing dismissal of the first cause of action, which seeks contribution. Although contribution is not available where the damages sought are exclusively for breach of contract, here, a cause of action was asserted against Praxis alleging negligence, and thus, sounding in tort (see Eisman v Village of E. Hills, 149 AD3d at 809). Accordingly, that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action should have been denied.
The defendants' remaining contention is without merit.
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court