**One PPW Owner, LLC v IBI Group**

2024 NY Slip Op 30330(U)

January 29, 2024

Supreme Court, New York County

Docket Number: Index No. 653862/2020

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------X

ONE PPW OWNER, LLC,

                                 Plaintiff,

                  - v -

IBI GROUP,

                              Defendant.

| | |
|---|---|
| **INDEX NO.** | 653862/2020 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 012 013 014 015 016 017 018 019 |

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

IBI GROUP,

                             Plaintiff,

                -against-

KBE-NY, LLC, WORKSTEAD, LLC, DESIGN 2147, LTD., NEW
AMSTERDAM DESIGN AND ASSOCAITES, LLC, DESIMONE
CONSULTING ENGINEERING, D.P.C., CONTROL POINT
ASSOCIATES, INC., LUCAS JACOBSON, INC. D/B/A LJI
PROJECTS, WHITE BIRCH BUILDERS, INC., SURFACE
DESIGN ARCHITECTS, PLLC, AJ LABELLE & PARTNERS,
LLC, OAD-ARCHITECTURE, P.C., 2L ENGINEERING, D.P.C.,
2LS CONSULTING ENGINEERING, D.P.C., VDA, INC. D/B/A
VAN DEUSEN & ASSOCIATES, and SURETEC INSURANCE
COMPANY,

Third-Party
Index No. 595141/2021

                             Defendants.
-------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 012) 349, 350, 351, 352, 353, 354, 355, 395, 396, 397, 398, 399, 400, 401, 402, 460, 461, 462, 463, 464, 465, 466, 467

were read on this motion to/for         REARGUMENT/RECONSIDERATION     .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 356, 357, 358, 359, 360, 361, 362, 363, 409, 410, 411, 412, 413, 414, 415, 416, 468

were read on this motion to/for         REARGUMENT/RECONSIDERATION     .

The following e-filed documents, listed by NYSCEF document number (Motion 014) 365, 366, 367, 403, 417, 418, 419, 420, 421, 422, 423, 472

**653862/2020 ONE PPW OWNER, LLC vs. IBI GROUP**
Motion No. 012 013 014 015 016 017 018 019

**Page 1 of 10**

were read on this motion to/for        REARGUMENT/RECONSIDERATION .

The following e-filed documents, listed by NYSCEF document number (Motion 015) 368, 369, 370, 371, 424, 425, 426, 427, 428, 429, 430

were read on this motion to/for        REARGUMENT/RECONSIDERATION .

The following e-filed documents, listed by NYSCEF document number (Motion 016) 379, 380, 381, 405, 431, 432, 433, 434, 435, 436, 437, 469

were read on this motion to/for        REARGUMENT/RECONSIDERATION .

The following e-filed documents, listed by NYSCEF document number (Motion 017) 382, 383, 384, 385, 404, 438, 439, 440, 441, 442, 443, 444, 459, 473, 474, 475, 476, 477

were read on this motion to/for        REARGUMENT/RECONSIDERATION .

The following e-filed documents, listed by NYSCEF document number (Motion 018) 386, 387, 388, 389, 390, 391, 392, 406, 445, 446, 447, 448, 449, 450, 451, 470, 471

were read on this motion to/for        REARGUMENT/RECONSIDERATION .

The following e-filed documents, listed by NYSCEF document number (Motion 019) 372, 373, 374, 375, 376, 377, 378, 407, 408, 452, 453, 454, 455, 456, 457, 458, 478, 479

were read on this motion to/for        REARGUMENT/RECONSIDERATION .

In motion sequence nos. 012, 013, 014, 015, 016, 017, 018, and 019, third-party defendants Design 2147 Ltd., Workstead, LLC, AJ LaBelle & Partners, LLC, Surface Design Architects, PLLC, Lucas Jacobson, Inc. d/b/a LJI Projects, Control Point Associates, Inc., OAD-Architecture, P.C., DeSimone Consulting Engineering, D.P.C., VDA, Inc. d/b/a Van Deusen & Associates, 2L Engineering, D.P.C., and 2LS Consulting Engineering, D.P.C. move, pursuant to CPLR 2221 (d), for leave to reargue their motions to dismiss the third-party complaint, to the extent this court in its January 13, 2023 decision sustained the second cause of action for contribution. (NYSCEF Doc. No. [NYSCEF] 335, Decision and Order at 9 [mot. seq. nos. 001, 002, 003, 004, 006, 007, 008, 009, 010].)

The third-party complaint was filed by defendant and third-party plaintiff IBI Group - Gruzen Samton Architects Engineers Landscape Architects a NY General

653862/2020   ONE PPW OWNER, LLC vs. IBI GROUP
Motion No. 012 013 014 015 016 017 018 019

Page 2 of 10

2 of 10

Partnership (IBI). (NYSCEF 13, Third-Party Complaint.) IBI's contribution claim is predicated upon plaintiff One PPW Owner, LLC's complaint in the main action, which alleges breach of contract, professional malpractice, and unjust enrichment. (NYSCEF 1, Complaint ¶¶ 28-47.)[1]

**Legal Standard**[2]

A motion for leave to reargue pursuant to CPLR 2221 (d) "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the Court in determining the prior motion." (CPLR 2221 [d] [2].) However, "[r][eargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously decided or to present arguments different from those originally asserted." (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept 1992] [citations omitted].) The movant bears the initial burden on a motion to reargue a prior decision pursuant to CPLR 2221. (*Id.*) On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court accepts the facts as alleged in the complaint as true, accords the plaintiff the benefit of every possible favorable inference,

---

[1] The relevant background of this action is set forth in this court's January 13, 2023 decision. (NYSCEF 335, Decision and Order at 2-4.)

[2] Counsel whose affirmations include arguments (*see e.g.* NYSCEF 369, Alfred L. D'Isernia aff; NYSCEF 396, Larry C. Green aff; NYSCEF 410, Anthony D. Capasso aff) are reminded that affidavits "are reserved for a statement of the relevant facts; a statement of the relevant law and arguments belongs in a brief (i.e., a memorandum of law)." (*Tripp & Co., Inc. v Bank of NY (Del), Inc.*, 28 Misc 3d 1211[A], 2010 NY Slip Op 51274[U], *6 [Sup Ct, NY County 2010], citing 22 NYCRR 202.8 [c].)

**653862/2020   ONE PPW OWNER, LLC vs. IBI GROUP**                                      **Page 3 of 10**
**Motion No.  012 013 014 015 016 017 018 019**

3 of 10

and determines only whether the facts as alleged fit within any cognizable legal theory.

(*Leon v Martinez*, 84 NY2d 83, 87 [1994].)

**Discussion**

In sustaining the contribution claim, this court relied on *Tower Bldg. Restoration, Inc. v 20 E. 9th St. Apt. Corp.*, 295 AD2d 229 [1st Dept 2002] and held that:

> "'Although contribution under CPLR 1401 is not available where the damages sought by the plaintiff are exclusively for breach of contract,' here there is also a professional malpractice claim alleged against IBI in the main action, 'and professionals may be subject to tort liability for failure to exercise reasonable care, irrespective of their contractual duties.' (*Tower Bldg. Restoration, Inc. v 20 E. 9th St. Apt. Corp.*, 295 AD2d 229, 229-230 [1st Dept 2002] [internal quotation marks and citations omitted].). Thus, as the tort claim against IBI is still pending, 'the necessary predicate tort liability for a contribution action remains in the case.' (*Id.* at 230 [internal quotation marks and citation omitted].)"

(NYSCEF 335, Decision and Order at 9.)

Third-party defendants argue that the Appellate Division, First Department in *Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d 318 [1st Dept 2009]) clarified and distinguished the factual circumstances in *Tower Building Restoration.* They further argue that *Children's Corner Learning Center* is analogous to the present matter and warrants dismissal of the contribution claim because in the underlying action against IBI, plaintiff seeks purely economic loss damages.

Reargument is warranted. In *Children's Corner Learning Center*, the Appellate Division, First Department held that the common-law contribution claim against third-party defendants should have been dismissed because although the underlying complaint alleged breach of contract and professional malpractice, the damages sought were purely economic. (*See id.* at 323-24.) The court also reaffirmed that "the touchstone for purposes of whether one can seek contribution is not the nature of the

**653862/2020   ONE PPW OWNER, LLC vs. IBI GROUP**
**Motion No.  012 013 014 015 016 017 018 019**

Page 4 of 10

claim in the underlying complaint but the measure of damages sought therein." (*Id*. at 324 [citations omitted].) *Children's Corner Learning Center* rejected third-party plaintiff's reliance on *Tower Building Restoration* because:

> "Although the decision in *Tower Bldg. Restoration* did not specify the nature of the damages sought against the fourth-party plaintiff architect, a review of the briefs does. They reveal that the third-party plaintiff there, a cooperative apartment corporation, sought traditional tort damages from the architect in connection with the architect's alleged damaging of the floor and roof of one of the apartments in the building. In this case, plaintiff does not claim any damages that seek traditional tort remediation."

(*Id.*)

Based on the foregoing, the pendency of the professional malpractice claim in the main action is an insufficient predicate for IBI's contribution claim. (*Id*.; *see also 34 Prince Equities LLC v Marvel Architects PLLC*, 2023 NY Misc LEXIS 818, *17 [Sup Ct, NY County, Jan. 13, 2023, No. 650382/2021] ["Where . . . the underlying claim seeks purely economic damages, common-law contribution is not available regardless of whether the third-party plaintiff is being sued for malpractice"].) The pivotal question is whether the damages sought in the main action are for injury to property or rather for purely economic loss. (*Id*.; CPLR 1401.)

Upon reargument, the contribution claim against moving third-party defendants is dismissed. The underlying complaint contains no allegations indicating that plaintiff's property was injured and does not seek damages for any such injury. (*See generally* NYSCEF 1, Complaint.) Instead, plaintiff seeks to recover purely economic loss flowing from IBI's breach of an agreement for architectural services, breach of the standard of care in performing such architectural services, and unjust enrichment. (*Id*. ¶¶ 28-47.) Indeed, the damages sought in the professional malpractice claims resulted from

**653862/2020 ONE PPW OWNER, LLC vs. IBI GROUP**
**Motion No. 012 013 014 015 016 017 018 019**

**Page 5 of 10**

5 of 10

[* 5]

alleged "delays caused by IBI's repeated breaches of duty and malpractice, defective plans and designs and the resulting need to perform additional work to correct the effects of such defects and breaches." (*Id.* ¶ 42; see *American Constr., Inc. v Cirocco & Ozzimo, Inc.*, 205 AD3d 568, 569 [1st Dept 2022] [contribution claim dismissed where only damages sought were cost of repairs and delays from contractually noncompliant work]; *34 Prince Equities LLC*, 2023 NY Misc LEXIS 818, *17 [damages for "cost and expenses, including interest costs, professional services costs and contractor costs related to the repair work" were purely economic damages for which contribution is unavailable].) The mere fact that the breach of contract and professional malpractice claims seek different amounts of damages ($7.7 million and $6.5 million, respectively) is insufficient to indicate that the professional malpractice claim seeks to recover for injury to property.

IBI's attempt to proffer documents received in discovery, which IBI argues reference property damage,[3] is unavailing given that plaintiff does not seek to recover property damage in the complaint. Indeed, "the discovery rules are designed to support a properly pleaded cause of action and to prepare defenses to charges made not to discover whether a claim exists." (*Park Ave. Realty, LLC v Schindler El. Corp.*, 129 AD3d 598, 598 [1st Dept 2015] [internal quotation marks and citation omitted].)[4]

Accordingly, it is

---

[3] IBI refers to Workstead Issue Report (*see e.g.* NYSCEF 442) and Water damage Workstead Issue Report. (*See e.g.* NYSCEF 443.)

[4] Design 2147 Ltd.'s request for an award of reasonable costs and fees incurred as a result of the need to file sur-reply is denied because the request is made in its sur-reply (NYSCEF 460) and not "upon motion in compliance with CPLR 2214 or 2215." (22 NYCRR § 130-1.1 [d].)

**653862/2020   ONE PPW OWNER, LLC vs. IBI GROUP**                                    **Page 6 of 10**
**Motion No.  012 013 014 015 016 017 018 019**

6 of 10

ORDERED that motion sequence no. 012 of Design 2147 Ltd. for leave to reargue in part its motion to dismiss the third-party complaint is granted; and it is further

ORDERED that, upon reargument, the court vacates its prior order dated January 13, 2023, in part, and grants Design 2147 Ltd.'s motion to dismiss the second cause of action of the third-party complaint; and it is further

ORDERED that the second cause of action of the third-party complaint for contribution against Design 2147 Ltd. is dismissed; and it is further

ORDERED that motion sequence no. 013 of Workstead, LLC for leave to reargue in part its motion to dismiss the third-party complaint is granted; and it is further

ORDERED that, upon reargument, the court vacates its prior order dated January 13, 2023, in part, and grants Workstead, LLC's motion to dismiss the second cause of action of the third-party complaint; and it is further

ORDERED that the second cause of action of the third-party complaint for contribution against Workstead, LLC is dismissed; and it is further

ORDERED that motion sequence no. 014 of AJ LaBelle & Partners, LLC and Surface Design Architects, PLLC for leave to reargue in part their motion to dismiss the third-party complaint is granted; and it is further

ORDERED that, upon reargument, the court vacates its prior order dated January 13, 2023, in part, and grants AJ LaBelle & Partners, LLC and Surface Design Architects, PLLC's motion to dismiss the second cause of action of the third-party complaint; and it is further

**653862/2020  ONE PPW OWNER, LLC vs. IBI GROUP**
**Motion No.  012 013 014 015 016 017 018 019**

**Page 7 of 10**

ORDERED that the second cause of action of the third-party complaint for contribution against AJ LaBelle & Partners, LLC and Surface Design Architects, PLLC is dismissed; and it is further

ORDERED that motion sequence no. 015 of Lucas Jacobson, Inc. d/b/a LJI Projects for leave to reargue in part its motion to dismiss the third-party complaint is granted; and it is further

ORDERED that, upon reargument, the court vacates its prior order dated January 13, 2023, in part, and grants Lucas Jacobson, Inc. d/b/a LJI Projects' motion to dismiss the second cause of action of the third-party complaint; and it is further

ORDERED that the second cause of action of the third-party complaint for contribution against Lucas Jacobson, Inc. d/b/a LJI Projects is dismissed; and it is further

ORDERED that motion sequence no. 016 of Control Point Associates, Inc. for leave to reargue in part its motion to dismiss the third-party complaint is granted; and it is further

ORDERED that, upon reargument, the court vacates its prior order dated January 13, 2023, in part, and grants Control Point Associates, Inc.'s motion to dismiss the second cause of action of the third-party complaint; and it is further

ORDERED that the second cause of action of the third-party complaint for contribution against Control Point Associates, Inc. is dismissed; and it is further

ORDERED that motion sequence no. 017 of OAD-Architecture, P.C. for leave to reargue in part its motion to dismiss the third-party complaint is granted; and it is further

653862/2020   ONE PPW OWNER, LLC vs. IBI GROUP
Motion No.  012 013 014 015 016 017 018 019

Page 8 of 10

8 of 10

ORDERED that, upon reargument, the court vacates its prior order dated January 13, 2023, in part, and grants OAD-Architecture, P.C.'s motion to dismiss the second cause of action of the third-party complaint; and it is further

ORDERED that the second cause of action of the third-party complaint for contribution against OAD-Architecture, P.C. is dismissed; and it is further

ORDERED that motion sequence no. 018 of DeSimone Consulting Engineering, D.P.C. and VDA, Inc. d/b/a Van Deusen & Associates for leave to reargue in part their motion to dismiss the third-party complaint is granted; and it is further

ORDERED that, upon reargument, the court vacates its prior order dated January 13, 2023, in part, and grants DeSimone Consulting Engineering, D.P.C. and VDA, Inc. d/b/a Van Deusen & Associates' motion to dismiss the second cause of action of the third-party complaint; and it is further

ORDERED that the second cause of action of the third-party complaint for contribution against DeSimone Consulting Engineering, D.P.C. and VDA, Inc. d/b/a Van Deusen & Associates is dismissed; and it is further

ORDERED that motion sequence no. 019 of 2L Engineering, D.P.C. and 2LS Consulting Engineering, D.P.C. for leave to reargue in part their motion to dismiss the third-party complaint is granted; and it is further

ORDERED that, upon reargument, the court vacates its prior order dated January 13, 2023, in part, and grants 2L Engineering, D.P.C. and 2LS Consulting Engineering, D.P.C.'s motion to dismiss the second cause of action of the third-party complaint; and it is further

**653862/2020   ONE PPW OWNER, LLC vs. IBI GROUP**
**Motion No.  012 013 014 015 016 017 018 019**

**Page 9 of 10**

9 of 10

ORDERED that the second cause of action of the third-party complaint for contribution against 2L Engineering, D.P.C. and 2LS Consulting Engineering, D.P.C. is dismissed.

__1/29/2024__
**DATE**

**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653862/2020   ONE PPW OWNER, LLC vs. IBI GROUP**
**Motion No.  012 013 014 015 016 017 018 019**

Page 10 of 10

10 of 10