450 Gin Lane SH, LLC v Gentry Constr. Co., Inc. (2026 NY Slip Op 00228)

450 Gin Lane SH, LLC v Gentry Constr. Co., Inc.

2026 NY Slip Op 00228

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2024-00767
 (Index No. 615722/22)

[*1]450 Gin Lane SH, LLC, plaintiff, 
vGentry Construction Co., Inc., defendant third-party plaintiff-appellant; Coram Glass and Mirror, Inc., et al., third-party defendants, Destefano & Chamberlain, Inc., et al., third-party defendants-respondents.

Marshall Dennehey, P.C., New York, NY (Diane K. Toner of counsel), for defendant third-party plaintiff-appellant.
Neubert, Pepe & Monteith, P.C., White Plains, NY (Kevin M. Godbout of counsel), for third-party defendant-respondent Destefano & Chamberlain, Inc.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Thomas M. Fleming II of counsel), for third-party defendant-respondent Shope Reno Wharton Architecture.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated September 13, 2023. The order granted the separate motions of the third-party defendants Destefano & Chamberlain, Inc., and Shope Reno Wharton Architecture pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
On November 4, 2014, the plaintiff, the owner of certain real property located in Southampton (hereinafter the property), entered into an agreement with the third-party defendant Shope Reno Wharton Architecture (hereinafter Shope) for Shope to perform architectural services in connection with the construction of a single-family residence on the property. On February 20, 2015, the third-party defendant Destefano & Chamberlain, Inc. (hereinafter D & C), submitted a signed proposal to Shope for structural engineering services in connection with the project. On June 1, 2015, the plaintiff entered into an agreement with the defendant third-party plaintiff, Gentry Construction Co., Inc. (hereinafter Gentry), for Gentry to serve as the general contractor on the project.
In August 2022, the plaintiff commenced this action, inter alia, to recover damages for breach of contract against Gentry, alleging, among other things, that Gentry's work on the project failed to comply with the relevant codes, ordinances, plans, specifications, prevailing standards in the trade, and Gentry's contractual representations. In March 2023, Gentry commenced a third-party action against, among others, D & C and Shope, seeking, inter alia, common-law indemnification and contribution and to recover damages for negligence, alleging, among other things, that D & C and [*2]Shope breached their duty to perform services on the project in an appropriate manner. Thereafter, D & C and Shope separately moved pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against each of them. In an order dated September 13, 2023, the Supreme Court granted the motions. Gentry appeals.
"'On a motion pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Goldberg v KOSL Bldg. Group, LLC, 236 AD3d 995, 996, quoting Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d 806, 808).
"[C]ommon-law indemnification . . . involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his [or her] own fault, to another person who should more properly bear responsibility for that loss" (25-86 41st St., LLC v Chong, 235 AD3d 813, 815 [internal quotation marks omitted]; see Morris v Home Depot USA, 152 AD3d 669, 672). "The key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 16 [alteration and internal quotation marks omitted]). "The predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, that is, the defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (De Heras v Avant Gardner, LLC, 224 AD3d 883, 884 [internal quotation marks omitted]; see 25-86 41st St., LLC v Chong, 235 AD3d at 815).
Here, the complaint alleged that the plaintiff was injured by Gentry's failure to construct the residence in accordance with the relevant codes, ordinances, plans, specifications, prevailing standards in the trade, and Gentry's contractual representations. Thus, this is not a case in which Gentry's alleged conduct was "solely passive, and thus its [potential] liability is purely vicarious" (De Heras v Avant Gardner, LLC, 224 AD3d at 884 [internal quotation marks omitted]; see Vasquez v Kennedy, 221 AD3d 936, 938-939; Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC, 170 AD3d 645, 647). Accordingly, the Supreme Court properly granted those branches of the separate motions of D & C and Shope which were pursuant to CPLR 3211(a) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against each of them.
"To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, if any, or that a duty was owed to the plaintiffs as injured parties and that a breach of that duty contributed to the alleged injuries" (25-86 41st St., LLC v Chong, 235 AD3 at 815-816 [alteration and internal quotation marks omitted]; see Santoro v Poughkeepsie Crossings, LLC, 180 AD3d at 17). "The critical requirement . . . is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought" (Eisman v Village of E. Hills, 149 AD3d 806, 808-809 [internal quotation marks omitted]; see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 71 NY2d 599, 603). "[P]urely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute [CPLR 1401]" (Eisman v Village of E. Hills, 149 AD3d at 809 [internal quotation marks omitted]; see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26; Cobblestone Foods, LLC v Branded Concept Dev., Inc., 200 AD3d 847). Thus, "contribution is not available where the damages sought are exclusively for breach of contract" (Praxis Intl. Corp. v Prime Alliance Group, Ltd., 202 AD3d 840, 841; see Eisman v Village of E. Hills, 149 AD3d at 808-809).
Here, the plaintiff alleged purely economic loss resulting from a breach of contract, which does not constitute injury to property within the meaning of CPLR 1401 (see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d at 26; Cobblestone Foods, LLC v Branded Concept Dev., Inc., 200 AD3d at 848). Moreover, the cause of action that was denominated as one to recover damages for negligence was premised upon the plaintiff's [*3]allegations that Gentry failed to perform its contractual obligations, "which sound in breach of contract" (Cobblestone Foods, LLC v Branded Concept Dev., Inc., 200 AD3d at 849). "'Where a plaintiff's direct claims against a [ ]defendant seek only a contractual benefit of the bargain recovery, their tort language notwithstanding, contribution is unavailable'" (id., quoting Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 897). Accordingly, the Supreme Court properly granted those branches of the separate motions of D & C and Shope which were pursuant to CPLR 3211(a) to dismiss the third-party cause of action for contribution insofar as asserted against each of them.
"On a motion to dismiss . . . pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Anderson v Pinn, 185 AD3d 534, 535; see HSBC Bank USA, N.A. v Grella, 176 AD3d 924, 925). "'If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled'" (Anderson v Pinn, 185 AD3d at 535, quoting HSBC Bank USA, N.A. v Grella, 176 AD3d at 925). "A cause of action to recover damages against an architect for professional malpractice is governed by a three-year statute of limitations" (Willis Ave Dev., LLC v Block 3400 Constr. Corp., 142 AD3d 993, 995; see CPLR 214[6]; Matter of R.M. Kliment & Frances Halsband, Architects [McKinsey & Co., Inc.], 3 NY3d 538, 541). "Such an action, founded upon defective design or construction accrues upon the actual completion of the work to be performed and the consequent termination of the professional relationship" (Anderson v Pinn, 185 AD3d 534, 535 [internal quotation marks omitted]; see State of New York v Lundin, 60 NY2d 987, 989; Regency Club at Wallkill, LLC v Appel Design Group, P.A., 112 AD3d 603, 606).
Here, D & C and Shope made a prima facie showing that the third-party action was commenced more than three years after the completion of the work on the project, as the certificate of occupancy was issued on January 23, 2018, and the third-party complaint was filed more than three years later on March 23, 2023 (see CPLR 214[6]; Trump Vil. Section 4, Inc. v Lawless & Mangione Architects & Engrs., LLP, 235 AD3d 928, 930-931). In opposition, Gentry failed to raise a question of fact as to whether the applicable statue of limitations was tolled. Accordingly, the Supreme Court properly granted those branches of the separate motions of D & C and Shope which were pursuant to CPLR 3211(a) to dismiss the third-party cause of action to recover damages for negligence insofar as asserted against each of them.
In light of our determination, we need not reach the parties' remaining contentions.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court