■ CHATHAM TOWERS, INC., Plaintiff, v CASTLE RESTORATION & CONSTRUCTION, INC., et al., Defendants. CASTLE RESTORATION

& CONSTRUCTION, INC., Third-Party Plaintiff-Appellant, v JPI CONSTRUCTION & MANAGEMENT SERVICES, INC., et al., Third-Party Defendants, and HOWARD L. ZIMMERMAN ARCHITECT P.C., Third-Party Defendant-Respondent. [56 NYS3d 74]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 10, 2016, which, insofar as appealed from as limited by the briefs, granted third-party defendant Howard L. Zimmerman Architect P.C.'s (Zimmerman) motion to dismiss defendant-third-party plaintiff Castle Restoration & Construction, Inc.'s (Castle) common-law claims against it for contribution and indemnification, unanimously affirmed, without costs.

The court properly dismissed Castle's common-law contribution claim against Zimmerman. Although Castle attempted to cast plaintiff Chatham Towers, Inc.'s (Chatham) claims, as set forth in the underlying complaint, as sounding in tort, the claims were actually all based on alleged breaches of a contract between Chatham and Castle. Thus, because Chatham sought only to enforce the benefit of its bargain with Castle, its damages were for purely economic loss, and does not constitute an injury to property under CPLR 1401, which governs claims for contribution (*see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26 [1987]; *Structure Tone, Inc. v Universal Servs. Group, Ltd.*, 87 AD3d 909, 911 [1st Dept 2011]; *Children's Corner Learning Ctr. v A. Miranda Contr. Corp.*, 64 AD3d 318, 323 [1st Dept 2009]).

In addition, the court also properly dismissed Castle's common-law indemnification claim. Common-law indemnification may be pursued by parties who have been held vicariously liable for the party that actually caused the negligence that injured the plaintiff (*Naughton v City of New York*, 94 AD3d 1, 10 [1st Dept 2012]; *Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1st Dept 1999]). Here, however, there is no common-law indemnification claim because Chatham sought recovery from Castle because of the latter's alleged wrongdoing—breach of contract—and not vicariously because of any negligence on the part of Zimmerman (*see Structure Tone, Inc.*, 87 AD3d at 911-912; *Trump Vil. Section 3 v New York State Hous. Fin. Agency*, 307 AD2d 891, 895 [1st Dept 2003], *lv denied* 1 NY3d 504 [2003]; *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD3d 449, 453 [1st Dept 1985]). Concur—Sweeny, J.P., Mazzarelli, Moskowitz, Manzanet-Daniels and Kapnick, JJ.