Shah v 20 E. 64th St., LLC (2021 NY Slip Op 06971)





Shah v 20 E. 64th St., LLC


2021 NY Slip Op 06971


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Index No. 156305/15 Appeal No. 14856-14857 Case No. 2020-02589, 2020-02590, 2020-02591 

[*1]Hemant Shah et al., Plaintiffs-Respondents,
v
20 East 64th Street, LLC, et al., Defendants-Respondents-Appellants, Tri Star Construction Corp., Defendant-Appellant-Respondent, Abelow Sherman Architects LLC et al., Defendants.


Peckar & Abramson, New York (Kevin J. O'Connor of counsel), for appellant-respondent.
Wade Clark Mulcahy LLP, New York (Michael A. Bono of counsel), for 20 East 64th Street, LLC, respondent-appellant.
Mauro Lilling Naparty LLP, Woodbury (Eric Z. Leiter of counsel), for Urban Foundation/Engineering, LLC, respondent-appellant.
Law Office of Kenneth G. Roberts, P.C., New York (Kenneth Roberts of counsel), for respondents.



Orders, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about June 3, 2020, which, to the extent appealed from as limited by the briefs, denied so much of defendant Tri Star Construction Corp.'s (Tri-Star) motion as was to set aside the phase II jury's verdict finding Tri-Star and defendant Urban Foundation/Engineering, LLC (Urban) negligent and apportioning 60% fault to Tri-Star and 40% to Urban, and for judgment as a matter of law, or, alternatively, a new trial, granted so much of defendant 20 East 64th Street, LLC's (20 East) motion as was, in effect, for judgment as a matter of law on its common-law indemnification cross claims against Tri-Star and Urban, but only to the extent of awarding 20 East partial common-law indemnification against them, and denied so much of 20 East's motion as was, in effect, to preclude plaintiffs from claiming additional attorneys' fees, unanimously affirmed, with costs.
The jury's verdict finding Tri-Star to have been negligent was supported by legally sufficient evidence and was not against the weight of the evidence (see generally Killon v Parrotta, 28 NY3d 101 [2016]; Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Cohen v Hallmark Cards, 45 NY2d 493 [1978]). Based on the evidence adduced at trial, it was within the jury's province to conclude that Tri-Star was responsible for monitoring the movement of plaintiffs' home, that it failed to do so, and that the damage to plaintiffs' home could have been prevented — or, at least, lessened — had it done so.
We decline to reach, on the present posture, Urban's argument that the award to 20 East of common-law indemnification against Urban should be vacated. As framed by Urban, this issue relates to, possibly among other things, 20 East having untimely moved for summary judgment, errors in the court's prior indemnification decision (2017 NY Slip Op 32028[U]), 20 East remaking its summary judgment motion on the eve of trial, and depriving Urban of its right to try its cross claims against 20 East for common-law indemnification and contribution. However, none of those issues were addressed by the orders presently on appeal. Accordingly, Urban may raise this issue on appeal from a final judgment in this action, if it be so advised, at which time any nonfinal orders and trial rulings will be brought up for our review (CPLR 5501[a]).
20 East was properly awarded only partial common-law indemnification against Tri-Star and Urban, since 20 East may not recover in common-law indemnity for its own breach of contract (see Chatham Towers, Inc. v Castle Restoration & Constr., Inc., 151 AD3d 419, 420 [1st Dept 2017]; see generally McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]).
The court properly denied as premature 20 East's request, in effect, to preclude plaintiffs from recovering attorneys' fees incurred beyond the date to which plaintiffs and 20 East stipulated as to the amount of plaintiffs' attorneys' fees. In the stipulation, plaintiffs [*2]reserved their right to claim attorneys' fees beyond that date, but plaintiffs have yet to make a claim for such fees.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021