Cobblestone Foods, LLC v Branded Concept Dev., Inc. (2021 NY Slip Op 06985)





Cobblestone Foods, LLC v Branded Concept Dev., Inc.


2021 NY Slip Op 06985


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-06292
2019-06295
 (Index No. 515724/16)

[*1]Cobblestone Foods, LLC, plaintiff, 
v
Branded Concept Development, Inc., defendant third-party plaintiff-appellant, et al., defendants; Shalat Architects, P.C., et al., third-party defendants-respondents; et al., third-party defendant.


Litchfield Cavo LLP, New York, NY (Beth A. Saydak of counsel), for defendant third-party plaintiff-appellant.
Byrne & O' Neill, LLP, New York, NY (Mark McCauley of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated July 2, 2018, and (2) an order of the same court, dated November 14, 2018. The order dated July 2, 2018, insofar as appealed from, granted those branches of the separate motions of the third-party defendant Shalat Architects, P.C., and the third-party defendants Fiskaa, LLC, and Fiskaa Engineering, LLP, which were for summary judgment dismissing the third-party causes of action for contribution and contractual indemnification insofar as asserted against each of them. The order dated November 14, 2018, insofar as appealed from, (a) upon reargument of those branches of the prior separate motions of the third-party defendant Shalat Architects, P.C., and the third-party defendants Fiskaa, LLC, and Fiskaa Engineering, LLP, which were for summary judgment dismissing the third-party cause of action for common-law indemnification insofar as asserted against each of them, in effect, vacated a prior determination in the order dated July 2, 2018, denying those branches of the prior separate motions, and thereupon granted those branches of the prior separate motions, and, (b) upon reargument of the defendant third-party plaintiff's opposition to those branches of the prior separate motions of the third-party defendant Shalat Architects, P.C., and the third-party defendants Fiskaa, LLC, and Fiskaa Engineering, LLP, which were for summary judgment dismissing the third-party causes of action for contribution and contractual indemnification insofar as asserted against each of them, adhered to the prior determination in the order dated July 2, 2018, granting those branches of the prior separate motions.
ORDERED that the appeal from the order dated July 2, 2018, is dismissed, as the portion of the order appealed from was superseded by the order dated November 14, 2018, made upon reargument; and it is further,
ORDERED that the order dated November 14, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendants-respondents.
The third-party defendants Shalat Architects, P.C., Fiskaa, LLC, and Fiskaa Engineering, LLP (hereinafter collectively the third-party defendants), established their prima facie entitlement to judgment as a matter of law dismissing the third-party causes of action for contribution insofar as asserted against each of them. The plaintiff in the main action alleged purely economic loss resulting from a breach of contract, which does not constitute injury to property within the meaning of CPLR 1401 (see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26; Kiss Constr., Inc v Edison Elec. Contrs., Corp., 152 AD3d 575; Chatham Towers, Inc. v Castle Restoration & Constr. Inc., 151 AD3d 419; Eisman v Village of E. Hills, 149 AD3d 806; Galvin Bros., Inc. v Town of Babylon, N.Y., 91 AD3d 715; Children's Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318; Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp., 295 AD2d 229). The plaintiff's tort causes of action alleging negligence, professional negligence, and negligent misrepresentation are based upon allegations that the defendants did not perform their contractual obligations, which sound in breach of contract (see Board of Mgrs. of Soho N. 267 W. 124th St. Condominium v NW 124 LLC, 116 AD3d 506). "Where a plaintiff's direct claims against a [co-defendant] seek only a contractual benefit of the bargain recovery, their tort language notwithstanding, contribution is unavailable" (see Trump Vil. Section 3 v New York State Hous. Fin. Agency, 307 AD2d 891, 897). In opposition, the defendant third-party plaintiff, Branded Concept Development, Inc. (hereinafter Branded Concept), failed to raise a triable issue of fact
Further, the third-party defendants established their prima facie entitlement to judgment as a matter of law dismissing the third-party causes of action for common-law and contractual indemnification insofar as asserted against each of them, and in opposition, Branded Concept failed to raise a triable issue of fact (see Chatham Towers, Inc. v Castle Restoration & Const., Inc., 151 AD3d 419; cf. Crutch v 421 Kent Dev., LLC, 192 AD3d 982).
Branded Concept's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court