Cobblestone Foods, LLC v Branded Concept Dev., Inc. (2021 NY Slip Op 06984)





Cobblestone Foods, LLC v Branded Concept Dev., Inc.


2021 NY Slip Op 06984


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-03402
2018-10109
 (Index No. 515724/16)

[*1]Cobblestone Foods, LLC, plaintiff, 
v
Branded Concept Development, Inc., defendant third-party plaintiff-appellant, et al., defendants; Shalat Architects, P.C., et al., third-party defendants, Wesbuilt Construction Managers, LLC, third-party defendant-respondent.


Litchfield Cavo LLP, New York, NY (Beth A. Saydak of counsel), for defendant third-party plaintiff-appellant.
Peckar & Abramson, P.C., New York, NY (Justin Van Houten and Mark Snyder of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 22, 2018, and (2) an order of the same court, dated June 25, 2018. The order dated January 22, 2018, insofar as appealed from, granted those branches of the motion of the third-party defendant Wesbuilt Construction Managers, LLC, which were pursuant to CPLR 3211(a) to dismiss the third-party causes of action for contribution, contractual indemnification, and common-law indemnification insofar as asserted against it. The order dated June 25, 2018, insofar as appealed from, in effect, upon reargument, adhered to that prior determination in the order dated January 22, 2018.
ORDERED that the appeal from the order dated January 22, 2018, is dismissed, as the portion of the order appealed from was superseded by the order dated June 25, 2018, made upon reargument; and it is further,
ORDERED that the order dated June 25, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendant-respondent.
In March 2014, the plaintiff, Cobblestone Foods, LLC, retained the defendant Branded Concept Development, Inc. (hereinafter Branded Concept), as project manager to oversee the renovation of premises where it planned to relocate its business. Thereafter, in or about November 2015, the plaintiff retained the third-party defendant Wesbuilt Construction Managers, LLC (hereinafter Wesbuilt), to serve as general contractor in connection with the project. In September 2016, the plaintiff commenced this action against, among others, Branded Concept. In July 2017, Branded Concept commenced a third-party action against, among others, Wesbuilt. By order dated January 22, 2018, the Supreme Court, inter alia, granted those branches of Wesbuilt's motion which were pursuant to CPLR 3211(a) to dismiss the third-party causes of action for contribution, contractual indemnification, and common-law indemnification insofar as asserted [*2]against it. In an order dated June 25, 2018, the court, in effect, upon reargument, adhered to that prior determination in the order dated January 22, 2018. Branded Concept appeals.
Contrary to Branded Concept's contention, the Supreme Court properly directed dismissal of the third-party cause of action for contribution insofar as asserted against Wesbuilt. "[P]urely economic loss resulting from a breach of contract does not constitute injury to property within [CPLR 1401]" (Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26 [internal quotation marks omitted]; see Kiss Constr., Inc. v Edison Elec. Contrs., Corp., 152 AD3d 575; Chatham Towers, Inc. v Castle Restoration & Constr., Inc., 151 AD3d 419; Eisman v Village of E. Hills, 149 AD3d 806; Galvin Bros., Inc. v Town of Babylon, N.Y., 91 AD3d 715; Children's Corner Learning Ctr. v A. Miranda Contr. Corp., 64 AD3d 318; Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp., 295 AD2d 229). Although the plaintiff alleges torts against Branded Concept, including gross negligence, its tort allegations are essentially that Branded Concept did not perform its contractual obligations, which sounds in breach of contract (see Ocean Gate Homeowners Assn., Inc. v T.W. Finnerty Prop. Mgt., Inc., 163 AD3d 971; Park Edge Condominiums, LLC v Midwood Lbr. & Millwork, Inc., 109 AD3d 890). Accordingly, causes of action against Welbuilt for contribution do not lie.
"The principle of common-law, or implied, indemnification permits a party who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages the party paid to the injured party" (Arrendal v Trizechahn Corp., 98 AD3d 699, 700). "Common-law indemnification may be pursued by parties who have been held vicariously liable for the party that actually caused the negligence that injured the plaintiff" (Chatham Towers, Inc. v Castle Restoration & Constr., Inc., 151 AD3d at 420). The plaintiff is not seeking to hold Branded Concept vicariously liable for anything that Wesbuilt did or did not do, and therefore common-law indemnification does not apply.
Branded Concept's remaining contentions are without merit.
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court