| Board of Mgrs. of 87-89 Leonard St. Condominium v Leonard St. Owner |
| :---: |
| 2024 NY Slip Op 33659(U) |
| October 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151532/2019 |
| Judge: Margaret A. Chan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------X

BOARD OF MANAGERS OF 87-89 LEONARD STREET
CONDOMINIUM, SUING ON BEHALF OF ITS UNIT
OWNERS,

                        Plaintiff,

                 - v -

LEONARD STREET OWNER, LLC, MARC RAVNER,
BENJAMIN SHAOUL, and GRASSOMENZIUSO
ARCHITECTS,

                      Defendants.

-------------------------------------------------------------------------X

LEONARD STREET OWNER, LLC, MARC RAVNER, and
BENJAMIN SHAOUL

                      Plaintiffs,

              -against-

GRASSO-MENZIUSO ARCHITECTS, P.C., JACK GREEN
ASSOCIATES, LMW ENGINEERING, GROUP, LLC, CANIDO
BASONAS CONSTRUCTION, CORP., BAY RESTORATION
CORP., DONATO, INC., FNA ASSOCIATES, INC., FRANK
SETA & ASSOCIATES, LLC,, POLAR AIR CONDITIONING,
INC.,, CAPITOL FIRE SPRINKLER, CO. INC., SERVICE ALL
WINDOW & DOOR CORP., KD ONE CONSTRUCTION, INC.,
DUFFYS FLOOR SERVICES INC., TWIN PEAKS, INC., DAX
STUDIO ARCHITECTURE, PLLC, GMI MECHANICAL, INC.,
J.D. WILSON CONSTRUCTION CORPORATION, POURED
FLOORS OF NEW YORK & NEW JERSEY, NY WIRING, and
THE IRON SHOP, LLC

                    Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151532/2019 |
| **MOTION DATE** | 10/30/2023 |
| **MOTION SEQ. NO.** | MS 003 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595968/2023

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 105, 106, 107, 108, 119, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192

were read on this motion to/for             **DISMISS**

     The underlying dispute relates to the conversion of a 150-year-old cast-iron building into what was promised to be a beautifully restored and one-of-a-kind seven-unit condominium that was not as beautiful as promised (NYSCEF # 15,

151532/2019 BOARD OF MANAGERS OF 87-89 LEONARD STREET CONDOMINIUM, SUING ON
BEHALF OF ITS UNIT OWNERS vs. LEONARD STREET OWNER, LLC ET AL
Motion No. 003

Page 1 of 10

Complaint ¶ 1; NYSCEF # 63, Third-Party Complaint ¶¶ 29, 57, 60, 64, 67, 70, 74). Plaintiff Board of Managers of 87-89 Leonard Street Condominium ("plaintiff") now sues defendants/third-party plaintiffs Leonard Street Owner, LLC, Marc Ravner, and Benjamin Shaoul (together "Sponsors"), as well as defendant/third-party defendant Grasso-Menziuso Architects, P.C. (GMA), for failure to construct the condominium as promised, resulting in a multitude of defects discovered upon moving in (NYSCEF # 15 ¶ 2). Plaintiff alleges that the building suffered from material defects, including defects in the mechanical equipment, plumbing equipment, and electrical system (*id.* ¶¶ 51-106). The building also exhibited poor workmanship, shoddy construction practices, and failed to abide by the Offering Plan and building codes (*id.* ¶ 35). Plaintiff brings claims of fraudulent inducement against both GMA and the Sponsors; and against only the Sponsors claims of breach of contract, breach of fiduciary duty, "constructive fraudulent conveyances while insolvent," and "constructive fraudulent conveyances causing unreasonably small capital" (NYSCEF # 15).

Sponsors subsequently brought a third-party action against GMA and other construction companies for damages Sponsors may incur from the underlying first-party action (NYSCEF # 63, Third-Party Complaint ¶¶ 57, 60, 64, 67, 70, 74). Most relevant here, the Sponsors allege that GMA's carelessness and recklessness created the defects alleged in the first-party complaint, and as such GMA should be responsible for any resulting liability (NYSCEF # 63 ¶ 75).

## Background

The following facts are drawn from GMA's Motion to Dismiss, the accompanying exhibits, the Third-Party complaint, and the underlying First-Party complaint.

*How It Started: The Proposal, Architect's Certifications, Insurance Procurement Obligation, and Indemnity Agreement*

GMA's involvement in this project started on February 28, 2014, when they entered into a proposal agreement ("the Proposal") with non-party MB Leonard St, LLC (NYSCEF # 107, Menziuso Aff. & Exhibits, at *68-*71 [2/28/2014 Proposal Letter from Menziuso to Shaoul]).[1] According to the Proposal, GMA was to provide architectural working drawings for the conversion of a new residential building, based on designs approved by the Sponsors and plans approved by the Department of Buildings in 2012 (*id.* at *68). GMA was also responsible for visiting the job site, verifying field conditions for the preparation of drawings, filing and acquiring

---

[1] The court frowns on parties filing combined affidavits/affirmations and exhibits as a single document on NYSCEF. Parties are advised to file the affirmations/affidavits and each individual exhibit separately.

151532/2019 BOARD OF MANAGERS OF 87-89 LEONARD STREET CONDOMINIUM, SUING ON BEHALF OF ITS UNIT OWNERS vs. LEONARD STREET OWNER, LLC ET AL
Motion No. 003

Page 2 of 10

[* 2]

approvals from the Department of Buildings and assisting with the acquisition of the Certificate of Occupancy (id.).

On April 14, 2014, GMA issued an architect's certification that described the building if built in accordance with the plans and report prepared on April 9, 2014 (NYSCEF # 187, GMA's Architect Certifications, at *3-*4 [4/14/2014 Certification]). The report and architect's certification were intended to be incorporated into the offering plan and given to the prospective purchasers, with the idea that they would rely on it for the physical condition of the property upon completion (id. at *3). The certification guaranteed that GMA, among other things, did not omit any material fact, and the report did not contain any untrue statements of material fact, fraud, deception, concealment, or suppression (id. at *3-*4).

A month later, on May 27, 2014, GMA and non-party MB Leonard St, LLC entered into an Insurance Rider Agreement ("Rider" or "Insurance Rider") (NYSCEF # 183, Insurance Rider). Pursuant to the Rider, GMA agreed to indemnify MB Leonard St, LLC, their officers and agents "from and against any claims…that may be made: (i) by anyone for injuries to persons or damage to property… and, (ii) by persons furnished by" GMA or its "subcontractors under the Workers Compensation or similar acts." (id. at § 2 [b]).

A year later on, May 29, 2015, GMA then issued another architect's certification after the building plans and report were updated on February 2, 2015, and May 27, 2015 (NYSCEF # 187 at *6-*7 [5/29/2015 Certification]). This new architect's certification, like the past one, was also intended to be incorporated into the offering plan and given to prospective purchasers for the same purpose and with the same disclaimers (id.).

Then on February 4, 2016, GMA signed an Indemnity Agreement with defendant/third-party plaintiff Marc Ravner, pursuant to which Ravner agreed to "indemnify, defend, and hold harmless [GMA] from and against any liability, obligation…loss, claim, cause of action, damage…that GMA may sustain or incur in connection with the Permanent Certificate of Occupancy Certification" (NYSCEF # 107 at *73 [Indemnity Agreement ¶¶ 1, 3]).

_Certificate of Occupancy and Defects Leading to the Complaint_

On February 14, 2018, a Final Certificate of Occupancy was issued by the Department of Buildings (DOB) for the DOB Job Number 120751677 ("Job #1"), assigned to the conversion project (id. at *75 [Job #1 Certificate of Occupancy]). Plaintiff alleges that by May 2018, the Sponsors had sold all the condominium units in the building (NYSCEF # 15 ¶ 41). Plaintiff further alleges that as the condominium owners began occupying their units, they encountered multiple construction defects that indicated the Sponsor's representations of the physical conditions of the building were false (id. ¶ 45). Therefore, plaintiff brought the

underlying action against the Sponsors and GMA on February 12, 2019 (NYSCEF # 15, Complaint).

More than four years later, the Sponsors began this third-party action against GMA and many others for the damages the Sponsors may incur as a result of the underlying action (NYSCEF # 63 at WHEREFORE paragraph). The Sponsors bring six causes of action against GMA and the other third-party defendants: (1) breach of contract, (2) contractual indemnification, (3) breach of contractual insurance procurement obligations, (4) contribution, (5) common law indemnification, and (6) negligence (*id.* ¶¶ 32, 56-57, 59-60, 63, 66, 70, 73).

GMA now brings the current motion to dismiss all of the third-party claims as alleged against it pursuant to CPLR 3211(a)(1), (a)(3), and (a)(7) (NYSCEF # 105, Notice of Motion [MS 003]).[2] GMA argues as follows: (a) Counts I and III for breach of contract and breach of contractual insurance procurement obligations are time-barred under the statute of limitations because the project was finished on February 14, 2018; (b) Counts II and III for contractual indemnity and breach of contractual insurance procurement obligations should be dismissed because the May 27, 2014 Insurance Rider did not create an obligation for GMA to indemnify Sponsors; (c) Count V for common law indemnity is precluded because plaintiff in the underlying action is seeking to hold Sponsors actively negligent; and (d) there is no privity of contract between GMA and Sponsors, thus defeating the contract and tort claims (*see generally* NYSCEF # 108, GMA's MOL).

The Sponsors oppose except as to Count IV for contribution and Count VI for negligence (NYSCEF # 176, Sponsors' Response Aff., ¶ 2 [opposing dismissal only against Counts 1, 2, 3, and 5]). The Sponsors argue that (a) Counts I and III for breach of contract and breach of contractual insurance procurement obligations are *not* time-barred because work did not finish until at least April 8, 2022; (b) Counts II and III for contractual indemnity and breach of contractual insurance procurement obligations should not be dismissed because there is an Indemnity and Insurance Procurement Agreement that *does* create an obligation for GMA to indemnify; (c) Count V for common law indemnity should not be dismissed because the Sponsors fully delegated duties to GMA; and (d) there is privity of contract (*id.*).

GMA replies that (a) the work that was completed on April 8, 2022 related to a different project and different DOB job number, and therefore does not affect the statute of limitations for Counts I and III; (b) Counts II and III fail because Sponsors conceded their negligence claim, and thus there is no issue of fact regarding the Indemnity and Insurance Procurement Agreement; and (c) Count V common law indemnity should be dismissed because the Architect's Certifications

---

[2] Because the Sponsors do not oppose dismissal of Counts IV and VI, arguments relating to these claims have been excluded below.

**151532/2019  BOARD OF MANAGERS OF 87-89 LEONARD STREET CONDOMINIUM, SUING ON**      **Page 4 of 10**
**BEHALF OF ITS UNIT OWNERS vs. LEONARD STREET OWNER, LLC ET AL**
**Motion No. 003**

delegating work to GMA do not absolve Sponsors of liability (*see generally* NYSCEF # 192, GMA's Reply).

## Discussion

### *Legal Standard*

On a motion to dismiss under CPLR 3211(a)(1), a party may move for judgment dismissing one or more causes of action asserted against him on the ground that a defense to the asserted claim is founded upon documentary evidence. (*Carlson v American Intl. Group, Inc.,* 30 NY3d 288, 301 [2017]).

For a motion to dismiss under CPLR 3211(a)(3), the moving party has the burden to prove via prima facie evidence that plaintiffs have no standing to sue. (*Brunner v Estate of Lax*, 137 AD3d 553, 553 [1st Dept 2016]).

While on a motion to dismiss under CPLR 3211(a)(7), the court must accept the facts alleged in the complaint as true and accord plaintiffs the benefit of every possible favorable inference, determining only whether the facts as alleged "fit within any cognizable legal theory" (*Tax Equity Now N.Y. LLC v City of New York*, 42 NY3d 1, 6 [2024], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). However, if the allegations consist of bare legal conclusions and factual claims that are either inherently incredible or flatly contradicted by documentary evidence, such benefit is not warranted (*M & B Joint Venture, Inc. v Laurus Master Fund, Ltd.*, 49 AD3d 258, 260 [1st Dept 2008]).

### *Threshold Matter: Conceded Claims (Counts IV & VI)*

The Sponsors do not oppose GMA's Motion to Dismiss their Contribution (Count IV) and Negligence (Count VI) claims (NYSCEF # 176 ¶ 2). Therefore, these claims are dismissed.

### *Statute of Limitations: (Counts I & III)*

"An action to recover damages for malpractice, other than medical, dental or podiatric malpractice, regardless of whether the underlying theory is based in contract or tort, must be commenced within three years" (CPLR § 214 [6]).

Both parties agree that the applicable statute of limitations accrues on the date of completion of the job and runs for three years (NYSCEF # 108 at 5; NYSCEF # 176 ¶ 14 [implicitly accepting three-year statute of limitations]). Where they disagree is on when that date of completion actually was. GMA argues that the statute of limitations accrued on February 14, 2018, when the Project received its Final Certificate of Occupancy for Job #1 and expired three years later on February

151532/2019 **BOARD OF MANAGERS OF 87-89 LEONARD STREET CONDOMINIUM, SUING ON BEHALF OF ITS UNIT OWNERS vs. LEONARD STREET OWNER, LLC ET AL** Motion No. 003

Page 5 of 10

5 of 10

14, 2021 (NYSCEF # 108 at 6).[3] Since the third-party complaint was filed on September 5, 2023, GMA argues that the breach of contract and breach of insurance procurement obligation were time barred upon filing (id.).

The Sponsors respond that the date of completion was actually April 8, 2022, at the earliest, and submit multiple documents in an attempt to prove their point (NYSCEF # 176 ¶ 14). They first submit a "snapshot of the [DOB's] Job Overview page," which they argue shows that in addition to Job #1, GMA was also working at the building pursuant to Job Number 123409338 ("Job #2") until at least April 8, 2022 (id. ¶ 15; NYSCEF # 177, DOB Job Overview Page). Sponsors claim this snapshot shows that at the time of their opposition, there was still no final certificate of occupancy for Job #2 (NYSCEF # 176 ¶¶ 14-17). Sponsors next submit a "PW1: Plan/Work Application" form for Job #2 in which GMA described the job as "converting an existing duplex apartment at cellar & 1st floor back into a commercial (B occupancy) use" (id. ¶ 15; NYSCEF # 179, PW1 Application for Job #2, at 2, 4). Sponsors also submit GMA's April 7, 2022 application for a Post-Approval Amendment, to reflect the continued conversion work pursuant to Job #2 (id. ¶16; NYSCEF # 180, GMA's Application for Post-Approval Amendment). Sponsors argue that these documents together show that GMA continued to work on the Project through at least April 8, 2022, extending the statute of limitations long past the date of this third-party complaint.

GMA replies that Job #2 is a separate job from Job #1, and therefore the statute of limitations accrued with the Final Certificate of Occupancy for Job #1 (NYSCEF # 192 at 3). GMA points out that Sponsors do not dispute any of GMA's arguments. GMA argues that the third-party complaint itself defines "the Project" as the conversion of the "150-year-old landmarked cast-iron building," implicitly conceding that the Project and underlying complaint relate to Job #1 and not Job #2 (id. at 4-5, quoting NYSCEF # 63 ¶ 29). Moreover, GMA argues that "[n]one of the services provided by GMA for [Job #2] have any relation to the claims in [p]laintiff's complaint," because the complaint only discusses defects related to the overall conversion of the building (NYSCEF # 192 at 5). GMA also points out that the underlying complaint was filed before Job #2 even had a Temporary Certificate of Occupancy (id. at 6). GMA also argues that for Job #2 "was not a continuation" of Job #1, because Job #2 was pursuant to "a separate written agreement, separate application with the DOB, separate designs, separate scope and fee, and separate performance" (id. at 7).

Once a design professional has completed their contractual duties, the statute of limitation's expiration date will not be extended for an incidental matter arising out of the subsequent relationship with the owner (see Sendar Dev. Co., LLC v CMA Design Studio P.C., 68 AD3d 500, 503 [1st Dept 2009]; see also Cabrini

---

[3] The Statute of Limitations could have alternatively expired on September 30, 2021, if a 228-day pandemic related toll is considered, but this does not affect the analysis.

151532/2019   BOARD OF MANAGERS OF 87-89 LEONARD STREET CONDOMINIUM, SUING ON       Page 6 of 10
BEHALF OF ITS UNIT OWNERS vs. LEONARD STREET OWNER, LLC ET AL
Motion No.  003

6 of 10

[* 6]

*Med. Ctr. v Desina*, 64 NY2d 1059, 1061 [1985]; *State of New York v Lundin*, 60 NY2d 987, 989 [1983]). For example, in *Mutual Redevelopment Houses, Inc. v Skyline Engineering, LLC*, the First Department tolled the Statute of Limitations accrual date only because the second project consisted of remediating defects in the original project (178 AD3d 575, 576 [1st Dept. 2019]).

Here, Job #2 is an incidental matter, and therefore the statute of limitations accrued with the Final Certificate of Occupancy issued in Job #1. Unlike *Mutual Redevelopment Houses*, GMA's subsequent services in Job #2 were not in remediation of defects in Job #1 but were a completely separate job with an entirely different goal. Namely, Job # 1 involved converting and restoring a 150-year-old cast-iron building into a condominium, while Job #2 involved converting a single existing duplex apartment into a Commercial (B Occupancy) Use (NYSCEF # 107 at *68; NYSCEF # 179 at 2, 4). In other words, Job #1 converted the building from one type of residential use to another, while Job #2 converted a single unit from residential to commercial—completely separate goals.

Additionally, the documents submitted by Sponsors do not imply any connection between the two jobs. For example, the "snapshot of the [DOB's] Job Overview" page shows that Job #2 started two months *after* the DOB issued the Final Certificate of Occupancy for Job #1, strongly suggesting the two projects are unrelated (*see* NYSCEF # 177). As for the PW1 and Post-Approval Amendment forms for Job #2, both forms have a section for the applicant to add "Related DOB Job Numbers" (*see* NYSCEF # 179 at 4 [§ 11A]). GMA (the applicant) left that box empty, indicating that GMA did not believe there was any relation between Job #2 and Job #1.

Thus, Job #2 is at best incidental to Job #1 and does not extend the job completion date. The Statute of Limitations therefore accrued on February 14, 2018, the date of Job #1's Final Certificate of Occupancy and expired three years later on February 14, 2021.[4] Sponsors filed the Third-Party Complaint on September 5, 2023 (NYSCEF # 63), meaning that the claims for breach of contract (Count I) and breach of insurance procurement obligation (Count III) were already time-barred. Counts I and III are therefore dismissed.[5]

### *Contractual Indemnification (Count II)*

When a party is under no legal duty to indemnify, a contract assuming that obligation "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Cordeiro v. TS Midtown Holdings, LLC*, 87 AD3d 904, 907 [1st Dept 2011]).

---

[4] Or September 30, 2021, if a 228-pandemic related toll is applied as per Governor Cuomo's Executive Order 202.8.

[5] Given this conclusion, the court does not reach the arguments about privity.

151532/2019   BOARD OF MANAGERS OF 87-89 LEONARD STREET CONDOMINIUM, SUING ON         Page 7 of 10
BEHALF OF ITS UNIT OWNERS vs. LEONARD STREET OWNER, LLC ET AL
Motion No. 003

GMA argues it has no contractual duty to indemnify because there are no agreements creating such an obligation. Notably, GMA claims in an affidavit that the only agreements it entered relating to the Project were the Proposal and the February 4, 2016 Indemnity Agreement in which Ravner agreed to indemnify GMA (NYSCEF # 107 at *3 [GMA Principal's Affidavit ¶ 5]). Since both of those agreements were between GMA and *non-party* MB Leonard St. LLC, GMA argues that the documents conclusively establish that Sponsors do not have any contractual right to indemnity (NYSCEF # 108 at 7-9; *see also Acquista v N.Y. Life Ins. Co.*, 285 AD2d 73, 76 [1st Dept 2001] [dismissal based on documentary evidence under CPLR 3211(a)(1) appropriate where documents prove "a material fact as claimed by the pleader is not a fact at all and no significant dispute exists regarding it"]).

But as Sponsors show, GMA *did* enter into other agreements with respect to the Project. Specifically, Sponsors submit an Insurance Rider dated May 27, 2014, under which GMA agreed to indemnify MB Leonard St., LLC, and its "officers, agents, employees, authorized representatives and customers" (NYSCEF # 183 § 2 [b]). Sponsors assert that Sponsors Ravner and Shaoul are the principals of both Sponsor Leonard Street Owner, LLC and non-party MB Leonard St., LLC, and are therefore beneficiaries of the indemnification provision (NYSCEF # 176 ¶ 20).

Yet even if the Insurance Rider's indemnity clause applies to Sponsors, GMA persuasively argues that the clause is nonetheless too narrow to apply here. Specifically, the indemnity clause is limited to "injuries to persons or damage to property," and/or claims for Worker's Compensation (NYSCEF # 192 at 12, quoting NYSCEF # 183 § 2 [b]). The underlying complaint alleges only breach of contract, breach of fiduciary duty, and fraud, none of which relate to injuries to person, property, or Worker's Compensation (*see generally* NYSCEF # 15). Therefore, the Insurance Rider does not contractually mandate indemnification for cases like the underlying one.

Nevertheless, the court will deny the motion to dismiss the contractual indemnity claim. As Sponsors point out, the third-party complaint alleged indemnity obligations pursuant to "written agreement or agreement**s**" (*see* NYSCEF #176 ¶ 20 [emphasis added]), and they are entitled to discovery to determine whether any additional indemnification agreements exist. This is especially true because GMA's assertion that no other agreements exist is directly contradicted by the existence of the Insurance Rider. Therefore, the court cannot infer that no other indemnification agreements exist, and that the three known agreements conclusively establish that there is no contractual indemnification claim (*see Morgenthow & Latham v Bank of N.Y. Co., Inc.*, 305 AD2d 74, 78 [1st Dept 2003] [allegations in complaint presumed true except where "flatly contradicted by documentary evidence"]).

As a result, there is still a question of fact, and GMA's Motion to Dismiss the Contractual Indemnification claim (Count II) is denied.

### Common Law Indemnification (Count V)

Common-law indemnification may be pursued by parties who have been held vicariously liable for negligence that injured the plaintiff (*Chatham Towers, Inc. v Castle Restoration & Constr., Inc.*, 151 AD3d 419, 420 [1st Dept 2017]). Therefore, a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of common law indemnity (*17 Vista Fee Assocs. v Teachers Ins. & Annuity Ass'n of Am.*, 259 AD2d 75, 80 [1st Dept 1999]). The only exception is if the alleged negligence has resulted from a duty that they were compelled to discharge but that had been fully delegated to, and should have been discharged by, the party whose negligence was the actual cause of loss (*Bd. of Managers of the Porter House Condo. v Delshah 60 Ninth LLC*, 192 AD3d 415, 415 [1st Dept 2021], quoting *17 Vista Fee*, 259 AD2d at 80).

Here, Sponsors cannot sustain a claim for common law indemnification because they have actually participated in the alleged wrongdoing (*see 17 Vista Fee*, 259 AD2d at 80). In the underlying complaint, plaintiff sues Sponsors for breaches of contract, fiduciary duty, and fraud (NYSCEF # 15). All three causes of action seek to hold Sponsors directly liable for Sponsors' own conduct because, among other things, they were obligated to convert the building in accordance with the terms of the Offering Plan and made numerous affirmative misrepresentations through its promotion (*id.*).

The Sponsors nevertheless argue that they meet the exception to the general rule because they delegated the preparation of the plans and specifications to GMA, from which the plaintiff is now alleging defects and fraud (*id.* at ¶ 25). However, the Sponsors are still not entitled to common law indemnification for three reasons:

First, the Sponsors cannot rely on the exception because it only applies when the person seeking indemnity was forced to discharge the duties they had delegated to someone else (*Porter House Condo*, 192 AD3d at 415). Here, Sponsors admit that GMA completed every task delegated to them (NYSCEF # 176 ¶¶ 24-26). Sponsors did not complete any of the work delegated to GMA. Thus, the exception does not apply.

Second, even if the exception did apply, GMA's Architect's Certifications contained a disclaimer that they were "not intended as a guarantee or warranty of the physical condition of the property" and only certified the "conditions of the entire property as it should exist upon completion of the construction, provided construction is in accordance with the plans that we examined, and information supplied by the Sponsor." (NYSCEF # 187 at *4, *7). Therefore, relying on these

151532/2019  BOARD OF MANAGERS OF 87-89 LEONARD STREET CONDOMINIUM, SUING ON  Page 9 of 10
BEHALF OF ITS UNIT OWNERS vs. LEONARD STREET OWNER, LLC ET AL
Motion No. 003

[* 9]                                                       9 of 10

certifications to depict how the building was actually constructed, is, at best, a result of the Sponsors' own malpractice.

Third, a claim for common law indemnification requires an underlying negligence cause of action (*Sendar*, 68 AD3d at 504), but Sponsors have conceded their negligence claim. Therefore, the common law indemnification claim does not have the predicate cause to survive.

## Conclusion

Pursuant to the above, it is hereby

ORDERED that GMA's Motion to Dismiss Cross-Claims and Third-Party Claims (MS 003) is denied in part with respect to Count II of the Third Party Claims for Contractual Indemnification, and granted with respect to the remaining claims; and it is further

ORDERED that within 30 days of the e-filing of this order, GMA shall file an answer to the third-party complaint.

This constitutes the Decision and Order of the court.

| 10/15/2024 | | | | |
|------------|---|---|---|---|
| DATE | | | MARGARET A. CHAN, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

151532/2019 BOARD OF MANAGERS OF 87-89 LEONARD STREET CONDOMINIUM, SUING ON BEHALF OF ITS UNIT OWNERS vs. LEONARD STREET OWNER, LLC ET AL Motion No. 003

Page 10 of 10